UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES OSUNA,

    Plaintiff,

v.                                     CASE NO. _____

CBRE TECHNICAL SERVICES, LLC,
a Foreign Limited Liability Company, and
JAMES R. GROCH, individually,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendants CBRE TECHNICAL SERVICES, LLC ("CBRE Tech") and JAMES R. GROCH ("Groch") (collectively, "Defendants") hereby give notice that, under 28 U.S.C. §§ 1332, 1441, and 1446, this action is removed from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. As grounds for removal, Defendants state as follows:

    **1.**    **State Court Action**

Plaintiff Andres Osuna initiated an action that is still pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami Dade County, Florida, styled *Andres Osuna v. CBRE Technical Services, LLC, et al.* and designated Case Number 2017-006951-CA-01. Plaintiff filed his Complaint on or about March 23, 2017. A true and correct copy of Plaintiff's Complaint, along with the rest of the state-court file, is attached as Exhibit A.

DB1/ 91708291.4

### 2. Defendants' Receipt of Plaintiff's Complaint

Copies of the Summons and Complaint were served on Defendant CBRE Tech on March 29, 2017. Copies of the Summons and Complaint were served on Defendant James R. Groch on April 3, 2017.

### 3. Nature of the Action

Plaintiff's Complaint asserts claims for breach of agreement, quantum meruit, unjust enrichment, and unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201–219. *See* Exhibit ("Ex.") A, Complaint ("Compl.") at ¶ 19–53. The Complaint seeks alleged unpaid overtime compensation with interest plus an equal amount in liquidated damages; back wages from the date of discharge to the present date plus an equal amount in liquidated damages; front wages until Plaintiff becomes 65 years of age; compensatory damages for alleged mental anguish, personal suffering, and loss of enjoyment of life; attorney's fees and costs; and such other relief as the Court deems just and proper. *Id.* at ¶1 and *ad damnum* clauses.

### 4. Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated in Sections 5 and 6 below, this action is removable under 28 U.S.C. § 1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity jurisdiction). In addition, venue is proper in the Miami Division of the Southern District of Florida, as demonstrated in Section 7 below. Finally, this Notice of Removal is filed in a timely manner, as demonstrated in Section 8 below.

5.  **Federal Claims**

As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States." Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [earlier in the Act] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction…" The Supreme Court, in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), held that the concurrent jurisdiction provided by the FLSA did not bar a Florida employer's decision to remove an action brought under the FLSA to a federal district court. *See also Hodge v. Dolgencorp, Inc.*, No. 2:05CV235FTM29DNF, 2005 WL 1668535 (M.D. Fla. July 13, 2005); *Nelson v. Dolgencorp, Inc.* No. CA 05-00192-C, 2005 WL 1588688 (S.D. Ala. June 30, 2005) (both holding that FLSA action filed in state court was properly removed to federal courts on federal question basis). This Court thus has original jurisdiction over Counts IV–VI of this action under 28 U.S.C. § 1331 because the claims arise under the laws of the United States—namely, under the FLSA. *See* Ex. A, Compl. at ¶¶ 1, 34–53 and respective *ad damnum* clauses.

Under 28 U.S.C. § 1367(a), with certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims may constitute part of the same "case or controversy" for supplemental jurisdiction purposes even when their elements differ. *Palmer v. Hosp. Auth. of Randolph*

*County,* 22 F.3d 1559, 1566 (11th Cir. 1994). When "each claim involves the same facts, occurrences, witnesses, and evidence . . . [t]his commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)." *See Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1382 (S.D. Fla. 2008) (citing *Palmer*, 22 F.3d at 1566).

Plaintiff's state law claims in Counts I–III "involve the same facts, occurrences, witnesses, and evidence" as their FLSA claims and thus "form part of the same case or controversy". *See Hernandez*, 579 F. Supp. 2d at 1379 (holding that supplemental jurisdiction over plaintiffs' breach of contract claim was appropriate because it "involved the same facts, occurrences, witnesses, and evidence as their FLSA claim"). Indeed, Plaintiff's causes of action share the same factual allegations contained in the paragraphs listed under "General Allegations" and "Factual Allegations Common to All Counts." For the non-FLSA claims, Plaintiff "re-adopts" the facts alleged in paragraphs 1–17 with minimal additional facts alleged. *See* Ex. A, Compl. at ¶¶ 19, 22, & 28. Thus, Plaintiff's claims for breach of agreement, quantum meruit, and unjust enrichment meet 28 U.S.C. § 1367(a)'s requirements for supplemental jurisdiction. Accordingly, this case may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441(a) and 1367(a) without regard to the citizenship of the parties or amounts in controversy.

6. **Diversity Jurisdiction**

In addition to federal question jurisdiction, this Court also has diversity jurisdiction under 28 U.S.C. § 1332(a): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

a. Diversity of Citizenship

**Plaintiff** is a Florida citizen for purposes of 28 U.S.C. § 1332(a), as the Complaint states that Plaintiff "continues to be[] a resident [*sic*] Miami Dade County, Florida." Ex. A, Compl. at ¶ 3.

**Defendant CBRE Tech** is a citizen of Delaware and California. Ex. B, Declaration of John V. O'Connor, Jr. ("O'Connor Decl.") ¶ 4. A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation is a citizen of "the State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the "nerve center" of the business. *Id.* at 1192. The Court further described the principal place of business as the "place where the corporation maintains its headquarters." *Id.* Defendant CBRE Tech's sole member is CBRE, Inc., a Delaware corporation with a principal place of business in the State of California. Ex. B, O'Connor Decl. ¶ 4. Therefore, Defendant CBRE Tech is a citizen of Delaware and California.

**Defendant James Groch** resides in and is thus a citizen of the state of Pennsylvania. Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

b. Amount in Controversy

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d

1277, 1281 n.5 (11th Cir. 2001). While Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, the amount in controversy requirement is satisfied because Plaintiff is seeking damages exceeding $75,000.

In conducting the amount in controversy inquiry, a federal court is not limited to reviewing the allegations in the complaint. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."); *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (adopting the view that the removal inquiry "is not limited to the face of plaintiff's complaint," and that "the court may examine[] the record as a whole in determining the propriety of removal"). Thus, where a complaint seeks "unspecified damages" for categories such as "back pay, front pay, and compensatory and punitive damages," courts go beyond the complaint, and examine evidence such as affidavits to determine the amount in controversy. *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's finding that the amount in controversy requirement was satisfied in age discrimination case under Alabama law, based on the defendant's submission of the plaintiff's W-2s and an affidavit) (internal brackets omitted).

Furthermore, the amount in controversy is not determined by an allegation that the plaintiff seeks the minimum amount for state-court jurisdiction, but instead by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the

allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction); *see also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.") (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

Plaintiff's Complaint alleges damages in excess of $15,000 as required by Florida law to meet the jurisdictional requirement for filing in the Circuit Court in Florida. *See* Ex. A, Compl. at ¶ 1; *see, e.g.*, *Burns v. Hacker*, 729 So. 2d 398 (Fla. 5th DCA 1998). But in fact, a reasonable reading of Plaintiff's Complaint establishes that he is seeking amounts that total well over $75,000. Although Defendants deny that Plaintiff is entitled to any relief at all, Plaintiff seeks (a) unpaid overtime compensation with interest plus an equal amount in liquidated damages; (b) back wages from the date of discharge to the present date plus an equal amount in liquidated damages; (c) front wages until Plaintiff becomes 65 years of age; (d) compensatory damages for alleged mental anguish, personal suffering, and loss of enjoyment of life; (e) attorney's fees and costs; (g) and such other relief as the Court deems just and proper. *See* Ex. A, Compl. at *ad damnum* clauses.

Plaintiff alleges that "[t]hroughout Plaintiff [*sic*] twenty-nine (29) years of employment with Defendants, Plaintiff worked approximately fifty (50) to sixty (60) hours per week" but he was "not paid at the proper overtime rate for hours worked in excess of forty (40) per week." Ex. A, Compl. at ¶¶ 15–16. Plaintiff also seeks liquidated damages in an amount equal to his alleged unpaid overtime compensation, *see* Ex. A, Compl. at *ad damnum* clauses; 29 U.S.C. §§ 216(b), which this court may consider in calculating the amount in controversy for purposes of diversity jurisdiction. *See Practice Mgmt. Assocs. V. Walding*, 138 F.R.D. 148 (M.D. Fla. 1991) (considering liquidated damages to determine whether amount in controversy met jurisdictional amount). The FLSA provides for the recovery of unpaid overtime for a period beginning three years prior to filing suit for willful violations. 29 U.S.C. § 255(a).

Two times 10 hours of overtime per week at Plaintiff's overtime rate during the period from March 23, 2014 through October 19, 2016, when Plaintiff stopped working for Defendant, alone exceeds $75,000. Ex. C, Declaration of Aimee Hodges Moskowitz ("Moskowitz Decl.") ¶ 6. And, on top of that, Plaintiff seeks (1) back pay from October 19, 2016 and an equal amount in liquidated damages; (2) front pay through 2030 when he becomes 65 years of age, Ex. C, Moskowitz Decl. ¶ 5; (3) compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; and (4) attorney's fees. Thus, Plaintiff is seeking damages that far exceed the minimum jurisdictional requirement of $75,000. *See DeStefano v. Home Shopping Network, Inc.*, No. 805CV1299, 2006 WL 539542, at *1 (M.D. Fla. Mar. 6, 2006) (holding that "the jurisdictional amount [was] satisfied" based on the plaintiff's base salary and benefits from date of termination); *Logsdon v. Duron, Inc.*, No. 3:05CV243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2015) (holding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay").

In sum, because the amount in controversy exceeds $75,000 and the action is between citizens of different states—Plaintiff being a Florida citizen, Defendant CBRE Tech being a citizen of Delaware and California, and Defendant James Groch being a citizen of Pennsylvania—the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendants may remove this case to this Court under 28 U.S.C. § 1441(a).

7. **Venue**

The state court case was brought and is pending in Miami Dade County Circuit Court. Therefore, the Southern District of Florida is the federal district court to which this case must be removed, and the Miami Division is the proper division to which the case must be removed. *See* 28 U.S.C. §§ 1441(a) (stating that action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.") & 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").

8. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Plaintiff's Complaint was served on either defendant.

9. **State Court Pleadings**

Under 28 U.S.C. § 1446(a), with this Notice, Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Exhibit A. Further, pursuant to 28 U.S.C. § 1446(d), Defendants filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami

Dade County, Florida.  A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as Exhibit D.

| | |
|---|---|
| Dated this 28th day of April, 2017. | Respectfully submitted,<br><br>*/s/ Mark E. Zelek*<br>Mark E. Zelek<br>  Florida Bar No. 667773<br>  Email:  mark.zelek@morganlewis.com<br>Morgan, Lewis & Bockius LLP<br>200 South Biscayne Boulevard<br>Suite 5300<br>Miami, FL  33131-2339<br>Telephone:  305.415.3303<br>eFacsimile:  877.432.9652<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2017, a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

*/s/ Mark E. Zelek*
Mark E. Zelek

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC.
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
pmh@rgpattorneys.com

*Counsel for Plaintiff*